IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID M. NORRIS, | : | |
| | : | No. 4:CV-05-0570 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| DIANE L. ANDREWS, | : | |
| ALISON E. CUMMINGS, and | : | |
| THE PENNSYLVANIA STATE | : | |
| UNIVERSITY, | : | |
| Defendants. | : | |

**O R D E R**

May 23, 2005

**BACKGROUND:**

On March 21, 2005, plaintiff David M. Norris filed a civil rights complaint against the above-captioned defendants along with an application to proceed *in forma pauperis*. On March 23, 2005, the court granted Norris *in forma pauperis* status and directed service of his complaint. On May 11, 2005, defendants filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the following reasons, we will grant defendants' motion.

**DISCUSSION:**

A party may move for a more definite statement under Rule 12(e) "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." A party moving under Rule 12(e) must "point out the defects complained of and the details desired."

Defendants admittedly recognize that plaintiff's *pro se* complaint need only put them on notice of his claims through short and plain statements showing that he is entitled to relief. See Fed. R. Civ. P. 8(a); Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). Defendants nonetheless argue that plaintiff's complaint falls short of Rule 8's low threshold in three discrete respects. We agree.

First, defendants claim that plaintiff fails to allege any facts supporting his prayer for injunctive relief. He allegedly seeks reinstatement of his membership to Schreyer Honors College, permission to complete "work owed," and removal of all unsatisfactorily completed classes from his transcript. (Compl., Rec. Doc. No. 1, at 2.) None of the paragraphs in the "facts" section of his complaint, however, allege how underlying events caused him to be disassociated with Schreyer Honors College, or otherwise entitle him to the injunctive relief he seeks.

Second, defendants argue that plaintiff's complaint does not specify the

adverse action(s) allegedly taken by defendants that caused plaintiff's injuries. Plaintiff alleges defendants Andrews and Cummings, apparently his supervisors at the time, pursued some "course of conduct" and made "estimations" of his abilities that "effectively excluded him from participation and denied him the benefits of his education at the University." (Id. at 5-6.) He does not indicate the what, how, and when behind these allegations.

Third, defendants point out that plaintiff failed to allege his claims in separate counts. See Fed. R. Civ. P. 10(b). At various points in his complaint, plaintiffs makes reference to violations of the First and Fourteenth Amendments to the United States Constitution, Title IX of the Educational Amendments of 1972, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and his right to contract. (See id. at 3, 5-6.) His alleged facts suggest the thrust of his complaint are claims of student discrimination and harassment based on race and gender that were in some way endorsed or further propagated by his employer. (Id. at 4-6.)

Plaintiff will be directed to file an amended complaint to correct these shortcomings. In his amended complaint, plaintiff should separate his claims for relief into separate counts by inserting appropriate sub-headings. Each count need not be lengthy, but should state the legal basis for the claim and the operative facts particularly salient to that claim. The specific facts alleged in relation to each claim

should demonstrate a link between the alleged legal violation and the alleged injury. Each count should separately list the relief sought in relation to that claim. Plaintiff is referred to the Appendix of Forms to the Federal Rules of Civil Procedure, referenced by Rule 84, for some simple illustrative examples. Generally speaking, for each count, plaintiff should allege what violation of which law occurred, when it occurred, and how it occurred, as well as how that violation caused him injury, what is the nature of that injury, and what relief he seeks to remedy that injury.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e), (Rec. Doc. No. 7), is granted.

2. Plaintiff is directed to file an amended complaint, complying with the terms of this order, within thirty (30) days of the date of this order.

                                                         s/ James F. McClure, Jr.
                                                         James F. McClure, Jr
                                                         United States District Judge